IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:20CR3067 |
| vs. | |
| DAVID BRADLEY, | ORDER |
| Defendant. | |

This case is currently set for an <u>in-person</u> hearing on Defendant's Motion to Suppress, (Filing No. 20), on January 13, 2021 at 9:00 a.m. before the undersigned magistrate judge.

On December 9, 2020, the court extended its previous general order and continued all jury trials through at least January 31, 2021, as a direct result of the alarming status of the COVID-19 pandemic in this district. As Chief Judge John M. Gerrard observed:

> The local and national emergency occasioned by the worldwide COVID-19 pandemic is ongoing, and while case numbers have improved somewhat in Nebraska since a mid-November peak, they still remain exceptionally high—higher, in fact, than when the Court entered General Order 2020-14 continuing jury trials in November. And many public health officials are cautioning that the situation may worsen in coming weeks, when a post-Thanksgiving surge in infection rates is exacerbated by a post-Christmas surge.

(General Order 2020-16) (citations omitted).

The concerns discussed in General Order 2020-16 are also relevant, albeit to a lesser degree, to courtroom suppression hearings. The dangers posed include, but are not limited to, exposure during 1) travel to and from the courthouse; 2) contact with third parties, including within the Marshal's holding area; and 3) the limited ability to social distance inside the courtroom. The court recognizes that remote criminal hearings which

address and evaluate alleged constitutional violations are potentially less preferable than an in-person proceeding. See United States v. Burke, 345 F.3d 416, 422 (6th Cir. 2003). But the danger of infection or spreading infection may outweigh any benefit of proceeding in-person.

With the foregoing information in mind, the court asks the parties to confer and to advise the court on whether the evidentiary hearing should be held in person at the date and time currently scheduled, by video at the currently set date and time (upon the written and signed consent of the parties to convene the hearing by video), or continued to a later time in the hope that, with time, in-person hearings will not pose the same degree of risk.[1]

Accordingly,

IT IS ORDERED:

1) On or before December 31, 2020 the parties shall confer and advise the court on how they wish to proceed.

2) This order does not limit the court's ability to continue the evidentiary hearing sua sponte upon consideration of the public health circumstances at the time of the hearing.

Dated this 14th day of December 2020.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

[1] The Lincoln federal building has not been spared from the pandemic. Despite implementing substantial extra measures to avoid spreading the COVID-19 virus, over the last few months, people working within the building have been infected, including members of the court and its staff. It is unclear whether any of those infections were caused by air or surface contacts within the building, but the parties may wish to consider this information when deciding how to proceed.