IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

DAVID BRADLEY,

Defendant.

4:20-CR-3067

TENTATIVE FINDINGS

The Court has received the revised presentence investigation report in this case. There are no motions for departure or variance. The defendant has objected to the presentence report. Filing 63.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant has objected to the presentence report. Filing 63. First, the defendant objects to the "prosecutor's version of the offense" for including a description of an alleged jail call the defendant made. It's not clear whether the defendant is objecting that the call wasn't made as described, or that it's not relevant. But in any event, the "prosecutor's version of the offense" is just that—the prosecutor's version—and there's no reason to believe the presentence report isn't accurately describing the government's contentions. The Court's practice is to let both parties make their arguments. And the presentence report goes on to explain why the alleged substance of that call *wasn't* included as relevant conduct for the offense—meaning that it had no effect on the Guidelines calculation. The Court's tentative finding is that the objection lacks merit—or, at least, that it's unnecessary to resolve.

The defendant also objects to several paragraphs of the defendant's criminal history. As before, the defendant doesn't explain the basis of the objections, so the Court doesn't know whether the defendant is disputing the accuracy or relevancy of the information. But the defendant didn't object to any paragraphs of the criminal history that actually assessed criminal points—so, again, the objection has no bearing on the Guidelines calculation. The Court will resolve this dispute at sentencing, to the extent that it proves necessary to do so. *The Court does note that there is a Fed. R. Crim. P. 11(c)(1)(C) plea agreement in this case that provides for a within-Guidelines sentence.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 2nd day of June, 2021.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge